## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEISHA KINLOCKE,

        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
AT-0714-21-0570-I-1

DATE: January 19, 2023

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Keisha Kinlocke</u>, Lithonia, Georgia, pro se.

<u>Torrey Smith</u>, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective February 19, 2021, the agency removed the appellant on a charge of excessive absences, pursuant to 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 8 at 27, 29-32. On February 23, 2021, the appellant amended her pending equal employment opportunity (EEO) complaint to include the effected removal action. *See* IAF, Tab 12 at 4; Petition for Review File, Tab 1 at 13-14.

¶3 The appellant filed the instant Board appeal on August 10, 2021. IAF, Tab 1. At that time, more than 120 days had passed since the appellant amended her EEO complaint without the issuance of a final agency decision. The administrative judge dismissed the appeal, finding that it was untimely filed under 38 U.S.C. § 714(c)(4)(B), which provides that an appeal of a removal, demotion, or suspension under § 714 "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension."

¶4 While the appellant's petition for review was pending, the Board issued its decision in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7. The Board held in *Wilson* that when, as in this case, an individual covered by 38 U.S.C. § 714 files a mixed-case appeal after filing a formal complaint with the agency, the appeal is governed by the procedures set forth in 5 U.S.C. § 7702 and the Board's implementing regulations. *Wilson*, 2022 MSPB 7, ¶¶ 15-19, 25. As relevant here, 5 U.S.C. § 7702 provides that if an appellant elects to file a mixed-case EEO complaint, and the agency fails to issue a final decision on the complaint within 120 days, the employee's right to file a Board appeal vests and she may appeal to the Board "at any time" thereafter. 5 U.S.C. § 7702(a)(2), (e)(2); *see also* 5 C.F.R. §§ 1201.151(a)(1), 1201.154(b)(2). The appellant's Board appeal was therefore timely filed, as more than 120 days had passed since

she amended her formal EEO complaint to include the removal claim, and the agency had not issued a final decision on her complaint. *See Wilson*, 2022 MSPB 7, ¶¶ 4-5, 25. Accordingly, we reverse the initial decision and remand the case for further adjudication.

## ORDER

¶5      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:             /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.